# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY E. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00796 |
| ) | Judge Trauger |
| MOLLY O'TOOLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Timothy E. Kelly, an inmate of the DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee, has filed a pro se civil rights complaint (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 7.) He has also filed supplements to these filings. (Doc. Nos. 10–12.)

The case is before the court for a ruling on the plaintiff's IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. Application to Proceed IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). The plaintiff's IFP application (Doc. No. 7), as supplemented by his submission of a second application and inmate trust fund account statement (Doc. No. 11), reveals that he currently has no

available funds and no recent activity in his inmate account.[1] Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 7) will be granted by separate order.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*,

---

[1] Despite being printed on November 15, 2019 and reflecting his incarceration at DSNF, the plaintiff's account printout shows no activity since November 2018, when he was still incarcerated at the Northwest Correctional Complex. (Doc. No. 11-1 at 2.)

551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

  **B.** **Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.[2] Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

  **C.** **Allegations and Claims**

The plaintiff has filed what amounts to an amended complaint (Doc. No. 10) and a supporting declaration (Doc. No. 12), in which he repeats the allegations of his original complaint, claiming that his constitutional rights were violated beginning in July 2019, one month after his

---

[2] The plaintiff's original complaint is designated for filing as a "Title 18 United States Code [§] 241 Conspiracy against rights" (Doc. No. 1 at 1), but his supplement, which the court construes below as an amended complaint, is properly designated under 42 U.S.C. § 1983. (Doc. No. 10 at 1.)

3

arrival at DSNF, by defendants Molly O'Toole and Christianah Ajenege. He alleges that in July and September of 2019, defendant O'Toole, a psychiatrist, wrote orders for the plaintiff to receive intramuscular injections of Risperdal and Benadryl "by force,"[3] and that defendant Ajenege, a registered nurse, thereafter administered those injections by force using a 20-gauge syringe over the plaintiff's objections that he did not consent and did not want the injections. (Doc. No. 10 at 1–3.) The plaintiff alleges that these forcible injections produced mental distress as well as severe physical pain in his arms, causing him to lose sleep because he sleeps on his side. (*Id.* at 2.) He alleges that he was never appointed a conservator, that defendant O'Toole knew that she did not have the authority to order the forcible injections, and that defendant Ajenege knew that the plaintiff did not want the injections she administered. (*Id.* at 2–3.) The plaintiff claims that these actions violated his rights under the Eighth and Fourteenth Amendments. (*Id.* at 2.)

As relief for the claimed violation of his rights, the plaintiff seeks an award of $700,000.00 from defendants O'Toole and Ajenege, and an order enjoining O'Toole from continuing to provide mental health care at state facilities. (*Id.* at 3.)

**D. Analysis**

As an initial matter, the plaintiff's amended complaint (Doc. No. 10) was properly filed without leave of court before the original complaint had been served on any defendant. Fed. R. Civ. P. 15(a)(1). The amended complaint is now "the legally operative complaint" that controls this case, superseding the original complaint and the supplement thereto (Doc. No. 3). *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing, *e.g.*, *In re Atlas Van*

---

[3] As support for his subsequently filed motion for summary judgment, the plaintiff has submitted a copy of Dr. O'Toole's July 2019 order for forcible injections of Risperdal Consta and Benadryl (Doc. No. 8 at 5), and Nurse Ajenege's written recognition that he objected to receiving an injection in September 2019. (*Id.* at 8.) "Risperdal Consta is an antipsychotic medication" in injection form, "used to treat schizophrenia and symptoms of bipolar disorder." https://www.drugs.com/risperdal_consta.html (last visited January 21, 2020).

4

*Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Accordingly, while the plaintiff's original pleadings named a third defendant, "Michelle the Warden of Treatment," and alleged the plaintiff's solitary confinement for more than 15 days (Doc. No. 1 at 1; Doc. No. 3 at 1–2), his exclusion of this defendant and allegation from the amended complaint is controlling. The Clerk will be directed to dismiss defendant "Michelle (l/n/u), Warden of Treatment" from the case.

As to the amended complaint against Dr. O'Toole and Nurse Ajenege, the court finds that the plaintiff states a colorable due process claim based on his allegations that these defendants ordered and administered antipsychotic medication by use of force, without the plaintiff's consent. While "[i]nvoluntary commitment to a mental institution substantially restricts individual liberty in many respects, one of which is allowing the state to subject the individual to compulsory treatment," "[c]ertain freedoms . . . survive incarceration." *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996) (citing *Vitek v. Jones*, 445 U.S. 480, 491–92 (1980)). "The Supreme Court has held that individuals in state custody enjoy protectable liberty interests to be free from bodily restraint, and to refuse medical treatment such as the administration of antipsychotic drugs." *Id.* (citing, *e.g.*, *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) ("respondent possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment")). The plaintiff's claim that he was forcibly injected with antipsychotic and other medications by defendant Ajenege pursuant to defendant O'Toole's orders will be allowed to proceed for further development.

III.    **Conclusion**

In light of the foregoing, the plaintiff's application to proceed IFP will be granted and the filing fee will be assessed by separate order. This action will be allowed to proceed against

defendants O'Toole and Ajenege. Defendant "Michelle (l/n/u), Warden of Treatment" will be dismissed from the action.

An appropriate order will enter.

                                                                                         _____
                                                                                         Aleta A. Trauger
                                                                                         United States District Judge